## EASTMAN *v.* HOLDERNESS.

According to our practice the result of a suit is regarded as in favor of the party who receives the verdict of the jury. And it makes no difference whether the defendant files an offset or not; if there is a balance due the defendant, or no balance due the plaintiff, or nothing due the plaintiff, the defendant will be entitled to his costs.

THIS was an action of assumpsit, and tried at the Court of Common Pleas at Plymouth, at the May term, 1858, upon the general issue, with a set-off filed. The jury found a verdict for the defendants upon the set-off for thirteen dollars twenty-two cents.

The plaintiff appealed to the Supreme Judicial Court, and the case was tried at the May term, 1860, and the jury found a verdict for the defendant, that they never promised, &c., and allowed the defendants nothing upon their set-off.

The plaintiff claimed costs on the appeal to the amount of thirteen dollars and twenty-two cents, which were not allowed.

At this term the defendants claim to have costs allowed them, as the successful party in the suit; but the court declined to allow them, to which ruling the defendants excepted, and the question was reserved for decision at the law term.

*Clark*, and *Quincy*, for the plaintiff.

*Pike & Barnard*, for the defendants.

SARGENT, J. Section 7, chapter 1655, Pamphlet Laws, provides that, "If, in any personal action originally brought within the Court of Common Pleas, the plaintiff shall appeal to the Supreme Judicial Court, and shall increase his damages, he shall recover costs of the appeal not exceeding such increase; but if he shall not increase his damages he shall pay the costs of the appeal, and recover none." In this case the plaintiff appealed, and did not increase his damages; he must therefore pay the cost of the appeal.

But he claims that he is not liable to pay the costs in the Court of Common Pleas, because, although he did not recover there, on his claim against the defendants, yet it is equally true that the defendants did not recover on their claim filed in set-off against the plaintiff, and therefore that neither is the prevailing party, and that neither party is entitled to costs. And he cites *Lapham* v. *Norris*, 10 Cush. 312, and *Caverly* v. *Bushee*, 1 Allen 292, in which it is so held in Massachusetts. But they have some provisions in their statute in that state unlike any in ours, in relation to suits in which the defendant files an offset. See Gen. Stat. of Mass., ch. 130, 670, 671. Section 16 of said chapter provides that, when the defendant files and relies upon a set-off, he shall file with his answer a declaration, entitled a declaration in set-off, and adapted to the claim in like manner as though an action were brought upon it. Section 19 provides that if an amount is proved to be due upon the set-off, equal to the amount due the plaintiff, the court may award costs to either party, or dismiss the action without costs. And section 21 provides that, after a demand is filed in set-off, the

plaintiff shall not be allowed to discontinue his action without the consent of the defendant.

There are no similar provisions to these in our statute. Here a set-off, though held to be in the nature of a cross action, is yet in some sense a defense, and the court have no different rule for allowing costs in such cases from others; and costs follow the event of every action or petition, unless otherwise directed by the law or by the court. Rev. Stat., ch. 191, sec. 1; Comp. Laws 492. According to the practice in this state the event of the suit is in favor of that party who obtains the verdict of the jury in his favor, whether there is any offset in the case or not. If there is any thing due the plaintiff, or, in case of mutual accounts, if there is any balance due him, so that he obtains a verdict in his favor, he recovers his costs. And if there is a balance due the defendant in case he files an offset, or if there is nothing due the plaintiff in any case, the verdict will be for the defendant, and he is entitled to his costs. In the case before us the verdict was for the defendants, and they are entitled to their costs in the Common Pleas, and in this court upon the appeal.

*Exceptions sustained.*